## BURR *v.* STANLEY.

A tender of principal and ten per cent. interest under the act of the 12th May, 1837, allowing redemption under sales of mortgaged premises, will not save ordinary interest (7 per cent.) from time of tender, where it does not appear that the amount of such tender has been lying idle.

UNDER the act entitled, "An act concerning the sale of real estate by mortgage," passed 12th° May, 1837, which allowed redemption of mortgaged premises within one year from the day of sale, on payment to the purchaser of the amount bid, together with interest at ten per cent. per annum from the time of sale, the complainant, Aaron C. Burr, claimed to redeem from the defendant, Joseph C. Stanley, who had purchased the premises under foreclosure at master's sale, on the fifteenth day of May in the year one thousand eight hundred and thirty-seven. It appeared that Burr went to the latter, explained to him that he was entitled to the equity of redemption, and had obtained the money and was then ready and willing to redeem the premises in this suit under and by virtue of the aforesaid law, but that the said Stanley would not recognize him and refused it; and that he went again, with witnesses, and tendered him the money ($2850 principal, with $285 interest at ten per cent,) which was again refused—that this was on the fifteenth day of May one thousand eight hundred and thirty-eight. The bill was taken as confessed ; and a reference was had to ascertain the amount which the defendant had disbursed and received on account of the premises and the times of receipts and disbursement, and what sum the complainant ought to pay to the defendant in redemption, and whether the defendant was entitled to the rents during one year from the time of sale over and above the ten per cent. and also whether the defendant should be allowed his other expenses and disbursements. The master, Mr. Philo T. Ruggles, found that the defendant had disbursed, on account of the premises, one hundred and thirteen dollars and seventy-five cents, (for retainer fee, abstract of title, insurance, re-

*October* 12, 1839.

*Mortgage. Redemption. Tender. Interest.*

1839.

BURR
v.
STANLEY.

gistering deed, painting and repairs) and had received, on account of rents, the sum of five hundred and twenty-seven dollars and fifty cents ; and the said master did report that the complainant ought to pay to the defendant the sum bid at the sale at the rate of ten per cent. per annum for one year and up to the fifteenth day of May, one thousand eight hundred and thirty-eight, and interest thereon at the rate of seven per cent per annum from the said last mentioned day up to the date of the report, after deducting the said rents received by the said defendant since the first day of May in the same year and interest thereon, which sum, in redemption, amounted to $3138 38. Also the said master found that the defendant was entitled to the rents from the fifteenth day of May one thousand eight hundred and thirty-seven in addition to the ten per cent. ; but that he ought not to be allowed his said disbursements, amounting to one hundred and thirteen dollars and seventy-five cents.

The complainant excepted to the report.

Mr. *A. Benedict*, for the complainant.

Mr. *John Slosson*, for the defendant.

THE VICE-CHANCELLOR :—These exceptions to the master's report are not warranted ; and it must be confirmed. The complainant will have to pay for redemption the two thousand eight hundred and fifty dollars and the ten per cent. interest, two hundred and eighty-five dollars, as tendered, with interest on the two sums since the fifteenth day of May one thousand eight hundred and thirty-eight, inasmuch as the complainant has not shown that the moneys have been lying idle since the tender. The complainant is, then, entitled to the rents from May, one thousand eight hundred and thirty-seven,(a) or the fair yearly value, less repairs and taxes, with interest on the quarterly payments from the time when received or when they ought to have been received. The complainant is also entitled to his costs of the suit, except the costs on the exceptions to the master's report. The

(a) See *Ruckman* v. *Astor*, vol. 3, p. 373.

costs occasioned by the exceptions the defendant is entitled to against the complainants, to be taxed and set off.